## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

BRIAN D. HOLLOWAY                   CIVIL ACTION NO. 07-0133

VS.                                 SECTION P

CALCASIEU CORRECTIONAL              JUDGE TRIMBLE
CENTER, ET AL.

                                    MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Before the court is Brian Holloway's *pro se* civil rights complaint filed on January

22, 2007 *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Holloway is incarcerated at the

Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana  He complains that he

has received inadequate and delayed  medical care while at the Calcasieu Sheriff's Prison

(CSP).  In his Complaint and Amended Complaint, plaintiff  names the Calcasieu

Correctional Center, Sergeant William Robinson and Sheriff Tony Mancuso as

defendants.  This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing

orders of the court.

## STATEMENT OF THE CASE

In his complaint and amended complaint, plaintiff alleges that on January 22,

2006, he began experiencing symptoms of the flu, and that a small knot appeared near his

groin on his right thigh.  Plaintiff claims that he had to repeatedly press the call button in

his cell before it was answered by defendant Robinson.  Plaintiff informed Robinson of

his condition and was told that there were no physicians on duty so he would have to wait until the following day to receive medical treatment.  During the night, plaintiff allegedly suffered fever and night sweats.  Early the next morning, plaintiff informed the medication nurse that he needed to make a sick call.  She returned to his dorm thirty minutes later, examined plaintiff's leg, and had him complete a request for medical attention form.  The nurse told plaintiff that she would call him to the infirmary, and she did so within three hours of her visit to his dorm.  At the infirmary, plaintiff was seen by a nurse practitioner who examined plaintiff's leg, took his temperature, and recommended that plaintiff be transferred to the hospital.  Plaintiff was brought to the hospital an hour or so later, where he was seen by a physician, admitted and thereafter taken to surgery.  Plaintiff spent the next nineteen days in the hospital receiving treatment for an infection in his leg.

Upon his release from the hospital on February 10, 2006, plaintiff was taken to the medical ward at CCC.   He complains that he was not seen by the nurse until the following day February 11, 2006.   By this time, his bandage was moist with blood.  Plaintiff's wound was cleaned and fresh bandages were applied.  His wound was again cleaned on February 13, 2006 and on February 14, 2006.  On February 15, 2006, plaintiff had a doctor's appointment.  The doctor told plaintiff  that everything looked good but that his wound should be cleaned twice a day.  While getting medication on the morning of February 17, 2006, plaintiff informed the nurse that his skin had become irritated.  He

was called to the infirmary a few hours later.  During this appointment, the nurse told plaintiff that she was not aware that his wound had to be cleaned twice a day.  The nurse apologized to plaintiff and stated that starting the next day, his wound would be cleaned in the morning and again in the evening.

A few months later, plaintiff went back to the hospital because his infection reoccurred.  After returning to the CCC, the infection was treated with a series of shots.

By this action, plaintiff seeks "compensation for pain and suffering, physical and mental distress, cruel and unusual punishment, negligence."

## LAW AND ANALYSIS

### I.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim

upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Plaintiff has been advised that the allegations in his original complaint were insufficient to state a constitutional claim. Accordingly, he was given an opportunity to amend his complaint. Thus, the court is convinced that the plaintiff has presented the best case which could be presented by him, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for relief and that his claims are frivolous as a matter of law. Accordingly, plaintiff's complaint should be dismissed with prejudice.

**III. Medical Care Claim**

Plaintiff alleges that at the time of the alleged constitutional violation he was serving a state criminal sentence while awaiting federal prosecution.[1] Thus, his claim is reviewed under the Eighth Amendment standard applicable to convicted inmates. While it is true that the Eighth Amendment imposes a duty upon prison officials to provide adequate medical care, a lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment only if the evidence shows that the prison officials were "deliberately indifferent to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

---

[1] Holloway was subsequently convicted of a federal criminal offense for which he was sentenced to serve 98 months imprisonment. *See USA v. Holloway*, 05-20221 (W.D.La.)

The plaintiff must allege and be able to prove that each named defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); *See also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). Deliberate indifference cannot be proven through cumulative group acts, but rather, "each defendant's subjective deliberate indifference, *vel non*, must be examined separately." *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). It is not enough to demonstrate that the defendant was negligent, rather it must be shown that the actions were so reckless as to amount to deliberate indifference. *Sibley v. LeMaire*, 184 F.3d 481, 489 (5th Cir. 1999).

Plaintiff's complaint and amended complaint fail to demonstrate that the named defendants were deliberately indifferent to plaintiff's serious medical needs. To the contrary, plaintiff's allegations clearly demonstrate that plaintiff was provided with continuous ongoing medical treatment for his leg infection. The record demonstrates that plaintiff was seen and treated by the facility medical staff for his complaints on numerous occasions, including medical consultation, examination and treatment by the facility nurses and nurse practitioner, and that he has been sent for evaluation and treatment on two occasions to an outside medical institution. It has been consistently held that an inmate who

has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Moreover, the fact that plaintiff was seen and treated by nurses at the facility rather than a physician does not implicate the constitution. *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998) *citing Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992). The fact that the medical care given is not the best that money can buy does not amount to deliberate indifference. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Norton*, 122 F.3d at 292. Additionally, incorrect diagnosis or unsuccessful treatment is insufficient to establish deliberate indifference. *Johnson*, 759 F.2d at 1238-39; *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).

Plaintiff's primary contention appears to be that the prison medical personnel committed malpractice or were grossly negligent in their assessment, diagnosis and treatment of plaintiff's condition. Although such actions may be asserted under state law, such an action is not cognizable under §1983. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Callaway*, 991 F. Supp. at 809; *Stewart,* 174 F.3d at 534 citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993), and *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982); *Doe v. Dallas Independent School District*, 153 F.3d 211, 219 (5th Cir. 1998) (actions which are merely inept, erroneous or negligent do not satisfy the high standard of deliberate indifference.). Negligence and even medical malpractice do not implicate the Eighth Amendment and do not provide a basis for a §1983 claim. *Id.*

6

To the extent that plaintiff complains of the delay in getting initial medical evaluation, or at any time thereafter, that claim is without merit.  In order to set forth a viable constitutional claim for delayed medical treatment, the plaintiff must show that the named defendants acted with deliberate indifference and substantial harm was occasioned by the delay.  *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.  1993); *Wesson v. Oglesby,* 910 F.2d 278, 284 (5th Cir.  1990).   There is nothing in the record indicating plaintiff suffered substantial harm as a result of any delay.  Although plaintiff claims to have suffered fever and night sweats before being transported to the hospital, there is no evidence that any these complaints resulted in any substantial harm.  To the contrary, it appears that plaintiff's infection and resulting complaints were resolved during his hospital stay.  Likewise, to the extent that plaintiff complains of any delay in changing his bandages, nothing in the record demonstrates that any such delay cause plaintiff any harm, much less any substantial harm, as a result of any perceived delay.  Although plaintiff's infection reoccurred a few months after his discharge, nothing supports a finding that the recurrence had any connection to the bandage changes immediately after his discharge.  Moreover, the reoccurrence was apparently successfully treated via a series of shots, leaving no residual adverse effects.  Further, as discussed above, the record fails to demonstrate that any named defendant acted with deliberate indifference toward plaintiff's medical needs.  For these reasons, any claim based upon allegedly delayed medical treatment should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

## III. Supervisory Liability

Plaintiff has named Sheriff Mancuso in his amended complaint, but makes no allegations against him.  To the extent plaintiff names Sheriff Mancuso in a supervisory

capacity, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff fails to state a claim against Sheriff Mancuso under the applicable standard. Plaintiff has not alleged any direct personal involvement by the Sheriff in his medical care or the lack thereof, or any medical policy so deficient that the policy itself acts as a deprivation of constitutional rights. Therefore, plaintiff's claim against the Sheriff should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## IV. CCC

Plaintiff names the CCC as a defendant in this lawsuit. However, the CCC is not a proper defendant in this § 1983 lawsuit. A jail is not a legal entity capable of being sued. *See Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981); *Blunt v. Bowles*, 1997 WL 527322 (N.D. Tex. 1997) citing *Darby v. Pasedena Police Department,* 939 F.2d 311, 313-14 (5th Cir. 1991). A prison facility or a "department" within a prison facility is not a "person" under § 1983. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D.La.2000); *Marsden v. Federal B.O.P.*, 856 F.Supp. 832 (S.D.N.Y. 1994). *See also Powell v. Cook Co. Jail*, 814 F.Supp. 757, 758 (N.D.Ill. 1993); *McCoy v. Chesapeake Corr.*

*Ctr.*, 788 F.Supp. 890, 893 (E.D.Va. 1992); *Brooks v. Pembroke  City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C.1989).  Accordingly,  plaintiff's claim against the SMPLEC lacks an arguable basis in fact and law and should therefore be dismissal as frivolous.

In light of the foregoing;

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th**

Cir. 1996).

Signed in chambers in Lafayette, Louisiana, this 29th day of November, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE