Brian D. Holloway
Calcasieu Correctional Center, et al

2:07cv0133
Sec P

<u>Allegation</u>: I was denied medical Attention through Deputy; Sgt. W. Robinson.

RECEIVED
BY: ___
FEB 0 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Estelle Vs Gamble.
Pg. 116 #4 par. 67-

Under the deliberate indifference standard, an inmate must show that the correctional facility's inaction caused and unnecessary and wanton infliction of pain and the prison officials willfully disregarded this need with specific knowledge that such treatment was necessary 67-

Ruling: pg. 115 par. #3/#4 57, 58

The reasoning in Estelle centered on the idea, that the Eighth Amendment demands that incarcerated persons receive the basic human needs and protection from inadequate living conditions.[57] The early principles of the Eighth Amendment established that the government had no obligation to provide the necessary medical care to inmates who were punished through means of incarceration[58]

The government is responsible for the inmates medical needs because the inmates are isolated from the outside world therefore; they are unable to seek on their own.

The petition of Brian D. Holloway, an Inmate housed at the Calcasieu Correctional Center, domiciled in the City of Lake Charles, the State of Louisiana, respectfully shows that;

## I.

Calcasieu Correctional Center is a facility organized under the laws of State of Louisiana. This facility houses pre-trial detainees, State and Federal Inmates. It is domiciled in the City of Lake Charles, in the State of Louisiana.

## II.

Defendant Sargent William Robinson is an employee at the Calcasieu Correctional Center, a Parish Jail in the City of Lake Charles, the State of Louisiana.

## III.

Defendant Caroll Thornton is domiciled in the Parish of Calcasieu, in the City of Lake Charles, State of Louisiana. Caroll Thornton is licensed and practicing medicine regulary and is employeed by the Calcasieu Correctional Center and was and still is in charge of its department at all times

## IV.

Deputy LaVernge and Deputy McGee are employees

of the Calcasieu Correctional Center. Both were on duty and transported petitioner to hospital at the time of this incident.

## V

Petitioner beleives that defendants Sgt. William Robinson and Calcasieu Correctional Center, had in effect at all times hereinafter mentioned under which said petitioner agrees to indemnify and hold harmless the Nurse Practioner Caroll Thornton from any damages BDH and claims that the said defendants might become legally obligated to pay, by reason of the negligence of the said defendants.

## VI

In accordance with the procedure of proper notice, on the 22nd day of January 2006 the petitioner reported to Sgt. William Robinson that he had a high fever, body shakes, trouble standing and pain in right leg.

## VII

Around 9 o'clock P.M. the petitioner notified Sgt. William Robinson that his condition had worsened and he was in excruciating pain and high fever. BDH He was told by Sgt. Robinson, "There was nothing he could do for me, there was no medical staff on duty, and that I would have to wait until the following morning to make sick call.

## VIII
BDH

Petitioner states that; On the morning of the 23rd of January 2006, I reported to the nurse handing out medication. I told her of my symptons and showed her a small knot that had appeared on my right upper thigh and was growing in size. Deputy McGee was also present at this time. I was told by the nurse I would have to wait until she finished handing out medication before I would be called down to the infirmary.

## IX

Petitioner states that; Around 11:00 o'clock A.M I was takened to the infirmary and that only the Nurse Practioner Caroll Thornton and a nurse named Kathy were present. I was examined and told by Nurse Practioner Caroll Thornton I needed to go to the hospital immediately. I still had to wait about (1) one hour for the transportation deputies to arrive. I was then takened to W. O. Moss Regional hospital with deputies LaVerge and McGee present.

## X

Petitioner states that; I arrived at W. O. Moss Regional Hospital at 1:50 o'clock P.M. and was seen by Triage Nurse and had a fever of 102.6 and a pulse of 131. I was then seen by the Emergency Room Physician Ricardo Samudia at which time I was examined and medications

were administered, and I was taken to Surgery. These facts are stated in the Emergency Room Department Record dated 1/23/06. Petitioner was returned to Surgery on the morning of the 24th day of January 2006.

## XI.

Petitioner states that; Dr. Richard Shimer was the attending Surgeon. Dr. R. Shimer states in his Operative Report, postoperative diagnosis: Extensive right thigh abcess with cellulitis with early evidence of Necrotizing soft tissue infection. The area was opened up and a hand could be introduced inferiorly, superiorly, medially, and laterally underneath the wound, for approximately 6 cm in either direction as stated also in Dr. Shimers operative report. The necrotic tissue debrided and a KCI wound VAC was placed deep into the wound and attached to appropriate suction and placed to 125 mm suction This remained in my leg until I was discharged. Petitoner states; I spent (19) nineteen days hospitalized in excruciating pain. Petitioner also states; I was told by wound care nurse M. Audiel that I was lucky I was not dead, or had lost my leg, she also told me had this infection been treated with the proper medical attention I would not have had to undergo Surgery

## XII.

Petitioner states; After I returned to Calcasieu

Correctional Center. I had trouble getting the deputies and staff to cooperate in cleaning my wound and providing adequate medical attention. At one point I was told by the deputy that the nurse told him they would call when they got ready. Upon returning to Dr. Shimer for a follow up visit I was told by him and he prescribed to have my wound cleaned (2) twice a day, it was staying to moist. I still faced trouble getting the nurses to clean my wound In November 2006 I returned to the hospital in Lafayette, Louisiana The infection had returned in my leg. I had to undergo a series of shots over several days.

## XIII

Petitioner states that; Through my own research and careful examination of medical records has learned that I was diagnosed with Anarobic Celluitis. The symptons and signs are high fever, rigors, and critical illness, shock may develop. The presence is by feculent odor in pus or infected tissue; abcess formation; gas in tissue. Petitioner states; these symptons were present at the time I first reported to Sgt. William Robinson. Necrosis is the accidental death of cells and living tissue. There are many causes of Necrosis, including prolonged exposure to injury, or infection. Necrosis can arise from lack of proper care to a wound site. The damaged caused by Necrosis is irreversable.

## XIV

Defendants Sgt. William Robinson and Calcasieu Correctional Center are indebted in solido to petitioner for the amount ($500,000.00) Five-Hundred-Thousand dollars with legal interest from judicial demand for this action of negligence.

## XV

Petitioner itemizes the damage I have suffered because of the defendants negligence as follows;

(1) Doctors Fees / Long term after care
(2) Physical Suffering
(3) Mental Anguish
(4) Permanent disability, shortening of life expectancy.
(5) Impairment of earning capacity / Loss of Earnings.

## XVI

Petitioner prays that after due proceedings there be a judgement herein favor of Petitioner Brian D. Holloway, and against the Calcasieu Correctional Center in solido, in the amount of ($500,000.00) Five-Hundred-Thousand dollars with legal interest from judicial demand until paid and for all cost of this suit.

Respectfully Submitted

*Brian D. Holloway*
Brian D. Holloway
Attorney In Pro Se
P.O. Box 2017
Lake Charles, La. 70602

RECEIVED
BY: 
FEB 0 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

2:07CV 0133
SCP

Brian D Holloway

VS

Sargent William Robinson
Calcasieu Correctional Center

Civil Action No. 07-0133

Petition to show Negligence

Brian D. Holloway
P.O. Box 2017
Lake Charles, LA 70602

Legal Mail

CLERK, UNITED STATES DISTRICT
WESTERN DISTRICT OF LOUISIANA
U.S. COURTHOUSE
300 FANNIN ST., SUITE 1167
SHREVEPORT, LOUISIANA 71161-3083